UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.: 10-CR-161 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| RAYMOND JOHNSON, ) | **ORDER AND DECISION** |
| ) | (referencing Doc. 76) |
| Defendant. ) | |
| ) | |

Pending before this Court is a motion filed by Defendant, Raymond Johnson, pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010) ("FSA") and Amendment 782 to the United States Sentencing Guidelines ("Amendment 782") (eff. Nov. 1, 2014). Amendment 782 made retroactive changes to the Sentencing Guideline's drug quantity base offense levels by a reduction of two levels. *See* U.S. Sentencing Guidelines Manual, App. C. The Government does not oppose the motion; however, for the reasons stated herein, the motion is DENIED.

**I.     FACTS AND PROCEDURAL HISTORY**

According to the Presentence Investigation Report, FBI Cleveland received information from a source that an illicit drug transaction involving the purchase and sale of a large quantity of contraband, controlled substance was going to take place at a location in Cleveland, Ohio, area on the evening of March 17, 2010. As a result, surveillance was initiated at the Radisson Hotel in North Olmsted, Ohio.

1

Surveillance units observed a man, later identified as Abdul Hakim, arriving at the Radisson Hotel driving a Toyota Rav4. Hakim met with an unidentified individual in the lobby of the hotel and then departed in the Toyota. Surveillance units later observed Hakim arrive in the Toyota at the Marriott Hotel in Cleveland. He then removed a large black zippered duffel bag from the Toyota and wheeled it into the Marriott.

Hakim later drove to a residence located at 32762 Glen Drive, North Ridgeville, Ohio. Hakim drove the Toyota into the attached garage of the residence, and a half hour later, he was again observed leaving in the Toyota. After observing a traffic violation, Ohio State Highway Patrol, working in conjunction with surveillance units, conducted a traffic stop on the Toyota. They found a duffel bag with approximately $66,000 in US currency.

Surveillance of the Glen Drive residence continued, and the Defendant was observed leaving the residence in a Chevrolet Tahoe. A traffic stop was conducted on the Tahoe, and a drug detection K9 was used to search the perimeter of the vehicle. The K9 alerted to the presence of a contraband, controlled substance. After searching the vehicle, two marijuana cigarettes were found in the driver-side door pocket.

Further investigation revealed that the Defendant lived at the Glen Drive home. A search warrant was executed, and officers located approximately 23 grams of heroin, a custom metallic press consistent with those commonly used for pressing heroin for packaging, approximately 103.41 pounds of marijuana, approximately $17,308 in US currency, an AMT .380 semi-automatic handgun loaded with five rounds of ammunition, and other items consistent with drug trafficking.

2

On July 27, 2010, the Defendant plead guilty to Count 1: Possession with Intent to Distribute Heroin; Count 2: Possession with Intent to Distribute Marijuana; and Count 3: Felon in Possession of a Firearm. 21 U.S.C. §§ 841(a) (1) and (b)(1)(C)(D) and 18 U.S.C. § 922 (g)(1). The plea agreement identified the total amount of heroin possessed with intent to distribute as approximately 19.2 grams and the amount of marijuana as approximately 44.298 kilograms. This Court considered a guideline range of 51 to 63 months of incarceration, at a total offense level of 22 and Criminal History Category designation of III. The Court then varied and departed upward and imposed a sentence of 78 months on Count 1, 60 months on Count 2, and 78 months on Count 3, to be followed by a term of three years of supervised release.

The Defendant now moves this Court for an additional two-level decrease as a result of the 2014 amended sentencing guidelines.

## II. LAW AND ANALYSIS

### A. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States,* 130 S.Ct. 2683, 560 U.S. 817, 819 (2010) (*citing* 18 U.S.C. §3582(c)). However, "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id*. In those circumstances, the statute authorizes a court to reduce the term of imprisonment "…if such a reduction is consistent with…" applicable Commission policy statements. U.S. Sentencing Commission, Guidelines Manual §1B1.10(b)(2) (Nov. 2009) (USSG). "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under §3582(c)(2) to substitute the amended Guidelines range while

3

'leav[ing] all other guidelines application decisions unaffected.'" *Id.* (*quoting* §1B1.10(b)(1)).

Looking at §3582(c)(2), "a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* Thus, the statute establishes a two-step inquiry that must be followed: 1) a court must determine that a reduction is consistent with §1B1.10; and 2) the court must then consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §3553(a). *Id.* at 826.

At step one, the statute requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for sentence modification and the extent of the reduction authorized. *Id.* at 827. Specifically, the court must begin by "…determin[ing] the amended guideline range that would have been applicable to the defendant…" had the relevant amendment been in effect at the time of the initial sentencing. *Id.* (*quoting* 18 U.S.C. §3582(c)(2)). Courts generally may not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range produced by the substitution. § 1B1.10(b)(2)(A). If the sentencing court originally imposed a term of imprisonment below the Guidelines range, only then is the court authorized to impose a term "comparably" below the amended range. *Dillon*, 560 U.S. at 827.

At the second step of the inquiry, the court must then consider any applicable factors set forth in §3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (emphasis added). Section 3553(a) provides that a "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth

4

in paragraph (2) of this subsection," and it enumerates several factors a court "shall consider" in determining an appropriate sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1); *see also Dillon*, 560 U.S. at FN2.

With the direction outlined by the Supreme Court and subsequent Sixth Circuit decisions, this Court strictly follows *Dillon*'s two-step analysis and reviews each motion on a case-by-case basis. Even when the Government does not oppose a motion, a defendant does not have an absolute right to a reduced sentence. *U.S. v. Lucas*, No. 15-3852, 2016 WL 278929, at *3 (6th Cir. Jan. 22, 2016) (citing *U.S. v. Curry,* 606 F.3d 323, 330 (6th Cr. 2010); U.S.S.G. § 1B1.10 cmt. background ("noting that a reduction under §1B1.10 is discretionary and 'does not entitle a defendant to a reduced term of imprisonment as a matter of right'")). "[A] district court has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range." *U.S. v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).

Armed with its responsibility to consider the facts of each case in light of §3553(a), when a motion for reduced sentence is filed, this Court reviews all information available, including the presentence report and behavioral reports from the Bureau of Prisons discussing the Defendant's conduct while incarcerated.[1] 18 U.S.C. §3661 (no limitation shall be placed on information a court may receive and consider for the purpose of imposing an appropriate sentence). After reviewing the relevant materials in this case and considering §3553(a), the Court finds as follows:

---

[1] Some motions for reduced sentence have portions of the behavioral reports attached as exhibits; however, consistent with its duty to thoroughly review each case, this Court requests a copy of the report directly from the Bureau of Prisons through the Probation and Pretrial Services Department. This Court must then wait for the report to be received in order to properly evaluate each Defendant's motion under the mandates of 18 U.S.C. §3582(c)(2) and *Dillon v. United States,* 130 S.Ct. 2683, 560 U.S. 817, 819 (2010).

5

### B. The Defendant's Motion for Sentence Reduction

Under the first step of the analysis, the Defendant would otherwise be eligible for a sentence reduction under §1B1.10. Under the 2014 amendment to the Sentencing Guidelines, the Defendant would be eligible for a reduced sentencing guideline range of 41 to 51 months, as reflected by a total offense level 20 and a Criminal History Category designation of III.[2] Given the amount of time remaining on his current sentence, the Defendant seeks a reduced sentence. However, after reviewing the nature and circumstances of the offense in light of the Defendant's history and characteristics, and after considering the other statutory factors set forth in 18 U.S.C. §3553(a), a reduction is inappropriate.

Defendant's criminal history demonstrates a continuous involvement with drugs since the age of 18 years old, escalating to a conviction for attempted trafficking less than six months before the Defendant was arrested for the underlying offenses. In fact, the Defendant was on probation for the attempted trafficking conviction when he was arrested by FBI Cleveland.

The Defendant's criminal history not only reveals involvement with drugs his entire adult life but also suggests a willingness to exercise violence in order to protect his illegal conduct from discovery. The Defendant has a previous conviction for aggravated assault. The Cuyahoga County Adult Parole Authority Presentence Report describes how the Defendant and others robbed a man at gun-point. The victim indicated that he was beaten by several of the suspects, including the Defendant, before they were arrested. The victim later reported to officers that the

---

[2] The Defendant acknowledges that this Court varied and departed upward, and he requests a proportional variance, conducting the math "as if" he were originally sentenced, with the variance, at a total offense level 26, Criminal History Category III. As a result, the Defendant requests a sentence reduction to 63 months on Counts 1 and 3, based on an offense level of 24, Criminal History Category III. However, as demonstrated by the previous variance and departure upward, the Court finds that the Guideline range, at the time of sentencing and now after modification, is insufficient to address the requirements of 18 U.S.C. §3553(a).

suspects were calling his house and his grandmother's house and threatening to kill them if he did not drop the robbery charges. As a result, the victim later wanted to drop the charges, and law enforcement was unable to convince him otherwise. The Defendant was subsequently convicted of aggravated assault.

In the underlying offense, law enforcement found heroin and tools used for pressing heroin for packaging, over 100 pounds of marijuana, and over $17,000 in U.S. currency. Clearly, the Defendant was distributing heroin and marijuana. Likewise, he was not only selling different types of drugs but was willing to protect his operation with a loaded firearm.

Given the nature and circumstances of the offense and the history and characteristics of the Defendant, the current sentence is warranted and is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. The Court previously determined the Guidelines were insufficient varied and departed upward a as a result. Given the above, the Court still feels that the sentence imposed is sufficient but not greater than necessary to afford adequate deterrence to further criminal conduct and protect the public from further crimes of the Defendant. Therefore, a sentence reduction is inappropriate.

The Defendant contends that he is a good candidate for a sentence reduction because of his success during incarceration. As noted above, this is a proper consideration for the Court to review. During his incarceration, the Defendant has completed a drug abuse education course and numerous other educational and rehabilitative courses.

The Defendant's conduct during his period of incarceration, however, cannot outweigh the danger he poses to the public. The Court has considered the nature and circumstances of the

offense, along with the Defendant's criminal history and characteristics and finds that the Defendant remains a high risk offender based on his distribution of different types of drugs and willingness to protect his operation with a dangerous weapon.

As such, considering the nature and circumstances of the offense and the Defendant's history and characteristics, continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct. 18 U.S.C. §3553(a). The Court's current sentence of 78 months on Count 1, 60 months on Count 2, and 78 months on Count 3 appropriately reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense in light of Amendment 782. *Id*.

### III. CONCLUSION

Given this, after consideration of the statutory factors set forth in 18 U.S.C. §3553(a), a sentence reduction is inappropriate. The Defendant's motion is hereby DENIED.

IT IS SO ORDERED.

February 12, 2016                                          */s/ John R. Adams*
Date                                                         Judge John R. Adams
                                                                    United States District Court